110 F.3d 63
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marjorie BENNETT, Plaintiff-Appellant,
v.
Marvin RUNYON, Postmaster General, Defendant-Appellee.
 No. 96-5532.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1997.
 
 Before: JONES, SUHRHEINRICH, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Marjorie Bennett, a Tennessee resident represented by counsel, appeals a district court order dismissing her civil rights complaint filed pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.; the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 et seq.; Title VII, 42 U.S.C. § 2000e et seq.; and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Bennett sued the Postmaster General of the United States and the United States Postal Service contending that she was subjected to discrimination based on her disability, race, color, sex, and age. The essence of Bennett's discrimination complaint was that the postal service refused to grant her limited duty status due to a back injury. The Postmaster General moved to dismiss the case which Bennett opposed. The district court subsequently dismissed the case finding that the court was without subject matter jurisdiction over Bennett's claims.
 
 
 3
 In her timely appeal, Bennett argues that the district court erred by finding that the doctrine of equitable tolling did not apply to her case and that the allegations of disparate treatment were not timely presented to an EEO counselor.
 
 
 4
 The dismissal of a case for want of subject matter jurisdiction is reviewed de novo. See Duncan v. Rolm Mil-Spec Computers, 917 F.2d 261, 263 (6th Cir.1990).
 
 
 5
 Bennett argues that the district court failed to invoke the doctrine of equitable tolling. She claims that she exercised due diligence in attempting to file her discrimination claim, that she was ignorant of the filing requirements, that her condition impaired her ability to diligently pursue her claims, and that the postal service would not be prejudiced if the doctrine of equitable tolling was imposed. The district court's decision not to impose the doctrine of equitable tolling is reviewed under the abuse of discretion standard. EEOC v. Kentucky State Police Dep't, 80 F.3d 1086, 1094 (6th Cir.), cert. denied, 117 S.Ct. 385 (1996). Equitable tolling is an extraordinary remedy that is sparingly applied and concerns cases involving extraordinary circumstances. Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990). Given the facts of this case, the district court did not abuse its discretion in refusing to invoke the doctrine of equitable tolling to save Bennett's claims. Bennett knew of the alleged discrimination in 1986, but did not file an EEO claim until 1993. There is simply no excuse for this extensive delay. Therefore, Bennett was not entitled to equitable relief.
 
 
 6
 Finally, Bennett contends that her disparate treatment claim constituted a second cause of action. However, Bennett's claim of discrimination concerns her request for limited duty status in 1986. The information which she received in 1992 does not state a new claim, but merely relates back to the 1986 denial. Thus, no new cause of action was established by the 1992 information.
 
 
 7
 Accordingly, we affirm the district court's order.